EL PUEBLO DE PUERTO RICO, demandante y peticionario, *v.* CARMELO DÍAZ DÍAZ, acusado y recurrido.

Número: O-76-262        Resuelto: 16 de septiembre de 1976

*Miriam Naveira de Rodón, Procuradora General,* y *Maggie Correa Avilés, Procuradora General Auxiliar,* abogadas del peticionario; *Ismael Cuevas Velázquez,* abogado del convicto.

PER CURIAM: El Tribunal Superior, Sala de Caguas, en el caso de *El Pueblo de Puerto Rico* v. *Carmelo Díaz Díaz,* emitió fallo de culpabilidad por infracción a los Arts. 8 y 6 de la Ley de Armas (25 L.P.R.A. secs. 416 y 418) y fallo absolutorio en el delito de tentativa de robo. Sentenció al

acusado a penas de 2 a 4 años de presidio en cada caso grave de infracción al Art. 8 y de 6 meses de cárcel en los menos graves de infracción al Art. 6, a ser cumplidas concurrentemente. No conforme, el acusado radicó escrito de apelación y simultáneamente solicitó fianza para permanecer en libertad.

El 23 de marzo de 1976, el tribunal de instancia accedió, pese a la oposición del Ministerio Fiscal, a la petición de fianza; decisión que ratificó el 14 de abril de 1976.

Entablado por el Pueblo el presente recurso de *certiorari*, el 15 de julio de 1976 expedimos orden sobre mostración de causa por las cuales no debía dejarse sin efecto dicha resolución. El apelante ha comparecido, pero sus argumentos no nos convencen.

■ La Regla 198 de Procedimiento Criminal, tras disponer que la concesión de fianza en apelación en todos los delitos graves que no aparejen pena de reclusión perpetua, es una cuestión discrecional, ". . . prohíbe el ejercicio de esa discreción cuando el recurso entablado no plantee una cuestión sustancial o cuando la naturaleza del delito o *el carácter y antecedentes penales del acusado aconsejen,* a juicio del tribunal y para la protección de la sociedad, la reclusión del convicto mientras se sustancie el recurso.", *Pérez Aldarondo* v. *Tribunal Superior,* 102 D.P.R. 1, 6–7 (1974), (énfasis suplido). En dicho caso indicamos que la discreción no es absoluta, pues de conformidad con la Regla citada, el ejercicio del discernimiento judicial debe estar basado ". . . en la interpretación de los conceptos 'cuestión sustancial', 'naturaleza del delito', 'carácter y antecedentes penales del acusado' y 'protección de la sociedad', cuyos conceptos tiene que considerar el tribunal para el ejercicio al conceder o negar la fianza en apelación."

En el caso de autos, según se desprende de las resoluciones en que se concede la fianza y en la que se deniega la reconsideración, el tribunal a quo dio gran peso a las cuestiones

sustanciales que a su juicio plantea la apelación interpuesta. (¹)

No obstante, su dictamen relega a segundo plano el historial penal del apelante, a saber: anterior convicción por el Art. 6 y por el Art. 8 de la Ley de Armas; ocho delitos menos graves; y trece violaciones a la Ley de Tránsito. De igual forma, no considera que por los hechos imputados al apelante, éste fue denunciado y arrestado el 7 de septiembre de 1973 y los procedimientos se dilataron indebidamente por su incomparecencia lo cual motivó que fuera declarado "prófugo de la justicia". También descarta la evidencia de material delictivo ocupada al momento del arresto consistente de tres revólveres cargados, cuatro pares de gafas oscuras, tres pares de guantes, cajas de balas adicionales, una boina color negra y un sombrero de paja.

Ya en *Pérez Aldarondo*, supra, dijimos que aunque las cuestiones planteadas fueran sustanciales, no debe fijarse fianza si los antecedentes penales o la naturaleza del delito así lo aconsejen:

"Tampoco se admitirá fianza si la naturaleza del delito o el carácter o antecedentes penales del acusado mueven al tribunal a concluir que el acusado constituye un peligro para la sociedad, independientemente de que el recurso pueda plantear una cuestión sustancial."

■ En vista del historial antisocial y de menosprecio a la ley del apelante, en unión a los delitos por los cuales fue convicto, abusó de su discreción el tribunal de instancia al concederle fianza en apelación.

*Se dictará sentencia dejando sin efecto la Resolución del*

---

(¹)". . . median en estos casos cuestiones sustanciales que deberá resolver nuestro Honorable Tribunal Supremo en su oportunidad y tomando en consideración las condiciones económicas y relaciones del acusado y convicto y el hecho de que no creemos que éste sea un peligro para la protección de la sociedad y pueda abandonar la Isla para de esa manera burlar la justicia."

*Tribunal Superior, Sala de Caguas que concedió fianza en apelación.*