EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Santiago H. Rivera Meléndez<br><br>    Recurrido<br><br>            v.<br><br>Wanda Ivette Algarín Cruz<br><br>    Peticionaria | Certiorari<br><br>2003 TSPR 79<br><br>159 DPR \_\_\_\_ |

Número del Caso: CC-2001-1037


Fecha: 14 de mayo de 2003


Tribunal de Circuito de Apelaciones:
                        Circuito Regional VII


Juez Ponente:
                        Hon. Rafael L. Martínez Torres

Abogada de la Parte Peticionaria:
                        Lcda. Diana Lynn Pagán Rosado

Oficina del Procurador General:
                        Lcda. Lizette Mejías Avilés
                        Procuradora General Auxiliar

Materia: Divorcio

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Santiago H. Rivera Meléndez

    Recurrido

       v.

                          CC-2001-1037

Wanda Ivette Algarín Cruz

    Peticionaria

Opinión del Tribunal emitida por la Jueza Asociada señora NAVEIRA DE RODÓN

San Juan, Puerto Rico a 14 de mayo de 2003

En el caso de autos debemos resolver qué efecto tiene la muerte de uno de los cónyuges sobre una sentencia de divorcio decretada por la causal de consentimiento mutuo, cuando la muerte ocurre luego de haberse dictado, registrado y archivado en autos la sentencia de divorcio, pero **antes de que ésta se hubiese notificado y archivado en autos copia de la notificación de la misma o sea, antes de que ésta hubiese advenido final, firme y ejecutable.**

A continuación resumiremos los hechos que dan lugar al caso que tenemos ante nuestra consideración.

I.   LOS HECHOS

El 7 de abril de 1990 la Sra. Wanda Ivette Algarín Cruz contrajo matrimonio con el Sr. Santiago Herminio Rivera Meléndez.   De esta unión nacieron cuatro hijos: Crystian Manuel, Santiago Herminio, Tatiana Marie y Yaidelice Marie, todos de apellidos Rivera Algarín.

Durante el año 2000 la señora Algarín Cruz y el señor Rivera Meléndez presentaron demanda de divorcio por la causal de consentimiento mutuo ante el Tribunal de Primera Instancia, Sala Superior de Fajardo.   El 18 de agosto de 2000 el tribunal celebró vista en los méritos y ese mismo día dictó sentencia decretando el divorcio por dicha causal.   El tribunal aceptó e hizo formar parte de la sentencia los acuerdos contenidos en la Estipulación suscrita por las partes.[1]   El tribunal ordenó que la sentencia se registrase y notificase.   Sin embargo, aunque la sentencia se registró y archivó en autos el 18 de agosto de 2000, **la misma no fue notificada ni se archivó en autos copia de dicha notificación hasta el 22 de septiembre de 2000.**

Un día después de haberse dictado la sentencia de divorcio, el 19 de agosto de 2000, el señor Rivera Meléndez falleció a consecuencia de un accidente automovilístico. Así las cosas, el 21 de marzo de 2001, a los ciento ochenta

---

[1]   En la sentencia se decretó específicamente que el señor Rivera Meléndez pagaría directamente a la señora Algarín Cruz la suma de $107.25 semanales, en concepto de pensión alimentaria para los hijos menores habidos durante el matrimonio.   También se determinaron las relaciones paterno filiares y dispuso sobre alguno de los bienes y las deudas del matrimonio.

(180) días[2] de haberse archivado en autos copia de la notificación de la sentencia, la señora Algarín Cruz solicitó la nulidad de la sentencia alegando que ésta era nula e inoficiosa, ya que el señor Rivera Meléndez había muerto antes de que dicha sentencia hubiese sido notificada y de que se **archivase en autos copia de su notificación**. Alegó específicamente, que la sentencia de divorcio "no pudo convertirse en final y firme, ya que al momento de ser archivada en autos copia de su notificación, el señor Rivera Meléndez [ya] había fallecido." El foro de instancia denegó la moción.

Inconforme con esta determinación, la señora Algarín Cruz recurrió al Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) planteando que el tribunal de instancia erró al denegar la solicitud de "nulidad de [la] sentencia de divorcio, pues dicha sentencia no disolvió el matrimonio entre las partes sino la muerte de uno de los cónyuges antes de que la sentencia pudiese convertirse en final y firme."

El Tribunal de Circuito confirmó la sentencia de instancia. Resolvió que al no utilizar la señora Algarín Cruz los remedios posteriores a la sentencia que tenía disponibles, o sea la reconsideración, revisión o apelación, la sentencia de divorcio advino final y firme. Dictaminó, además, que no procedía la utilización de la

---

[2] En <u>Rosario Rodríguez</u> v. <u>E.L.A.</u>, 122 D.P.R. 544 (1988), resolvimos que el término de seis (6) meses que establece la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III,

moción de relevo de sentencia, Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, pues eso hubiese equivalido a sustituir este tipo de moción por los remedios post sentencia antes mencionados, cuyos términos jurisdiccionales ya habían vencido para la fecha en que se presentó la moción solicitando la nulidad de la sentencia de divorcio. Entendió también el Tribunal de Circuito, que al aplicar la Guía número 6 de las Guías para Uniformar el Procedimiento de Divorcio por Consentimiento Mutuo, Conferencia Judicial, mayo de 1988,[3] había que concluir que la sentencia de divorcio había advenido final y firme, y por lo tanto, no procedía decretar su nulidad. La Guía número 6 lee así:

> **Transcurrido [sic] treinta (30) días del archivo en autos de la notificación de la sentencia de divorcio, sin que cualesquiera de los cónyuges radicare escrito notificando su desistimiento, ésta advendrá final y firme en cuanto a la ruptura del vínculo matrimonial** y de la liquidación del régimen económico del matrimonio. El tribunal no podrá admitir renuncias a este término. (Énfasis nuestro.)

Inconforme con lo resuelto por Tribunal de Circuito, la señora Algarín Cruz presentó recurso de certiorari ante nos planteando como único error que el foro apelativo determinara que la sentencia de divorcio dictada por el

_____

es uno fatal que se computa a base de ciento ochenta (180) días.

[3] En Resolución de 3 de mayo de 1989 el Tribunal Supremo indicó que la utilización de estas Guías era discrecional. No obstante, ordenó al Director(a) Administrativo(a) de los tribunales a que tomase medidas para promover su más amplia

tribunal de instancia no era nula, aun cuando advino la muerte de uno de los cónyuges con anterioridad a que ésta fuese notificada y se archivase copia de su notificación en autos.  Decidimos revisar y expedimos el recurso.  Con el beneficio de las comparecencias de la parte peticionaria[4] y de la Procuradora Especial de Relaciones de Familia, procedemos a resolver la controversia.[5]

A continuación expondremos las normas de derecho aplicables al caso de autos.

## II.  NORMAS DE DERECHO

La Regla 43.1 de Procedimiento Civil, supra, define **sentencia** como "cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa de la cual pueda apelarse."[6]  De otra parte, la

---

difusión y al Colegio de Abogados a distribuir las mismas entre sus miembros.

[4]    La parte recurrida ya había fallecido y siendo ésta una acción personalísima, no podía ser heredada, por lo tanto, no hay comparecencia alguna de la parte recurrida, el Sr. Santiago Herminio Rivera Meléndez.

[5]    El 30 de noviembre de 2001 el foro de instancia designó a la Procuradora Especial de Relaciones de Familia como defensora judicial de los cuatro (4) hijos menores del matrimonio Rivera-Algarín.

[6]    En cuanto a un tribunal apelativo, supra, la Regla 43.1 dispone que el término **sentencia** se refiere a la determinación final de ese tribunal en cuanto a la apelación ante sí o en cuanto al recurso discrecional en el cual el tribunal de apelación ha expedido el auto solicitado.  De otra parte, dicha Regla establece que "[l]a determinación final del tribunal de apelación cuando éste deniega discrecionalmente el auto solicitado se denomina 'resolución´."  Por último la Regla dispone que "[l]a determinación final del tribunal de apelación cuando éste desestima por cualquier causa o archiva por desistimiento un recurso de apelación, se denomina 'sentencia´."

Regla 46 de Procedimiento Civil, supra, versa sobre la notificación y el registro de las sentencias. Dicha Regla le impone a la Secretaria(o) del tribunal el deber de notificar la sentencia que dicte el tribunal "archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia." Constituye el registro de la sentencia su anotación en el Registro de Pleitos y Procedimientos. La Regla 46, supra, dispone específicamente que **"[l]a sentencia no surtirá efecto hasta archivarse en autos copia de su notificación."** (Énfasis nuestro.) Cabe señalar que si la fecha de archivo en autos de la notificación de la sentencia es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

El Profesor Hernández Colón en su libro Práctica Jurídica de Puerto Rico,[7] nos indica que **una vez se archiva en autos copia de la notificación de la sentencia y se registra dicha sentencia, ésta se considera final, pero no es ni firme ni ejecutoria.** Es con el transcurso del tiempo que la sentencia adquiere estas otras características. Se convierte en firme una vez transcurre el término para apelar sin que esto se haya hecho, o al concluir el proceso apelativo. Como regla general, al convertirse en firme la

---

[7]     Hernández Colón, Rafael, Práctica Jurídica de Puerto Rico – Derecho Procesal Civil, Cap. 41, Secs. 4101 – 4106, Michie of Puerto Rico, Inc. (1997). Véase, además, Cuevas Segarra, José A., Tratado de Derecho Procesal Civil, T. II, Cap. VIII, Regla 51, págs. 801-806, Pub. JTS (2000).

sentencia se convierte también en ejecutoria o sea se puede ejecutar.

Reiteradamente hemos expresado que la moción de reconsideración, Regla 47 de Procedimiento Civil, supra, tiene como propósito y objetivo principal el darle la oportunidad al tribunal que dictó la sentencia cuya reconsideración se solicita, para que pueda enmendar o corregir los errores en que hubiese incurrido al dictarla. Castro Martínez v. Sergio Estrada Auto Sales, Inc., res. el 22 de septiembre de 1999, 149 D.P.R. _____ (1999); 99 JTS 147; Lagares Pérez v. E.L.A., 144 D.P.R. 601 (1997). "Al solicitar la reconsideración pueden exponerse fundamentos no expuestos antes de que se haya dictado la sentencia o resolución, pero **no pueden formularse por primera vez planteamientos que necesiten apoyo en prueba no presentada en juicio.**" (Énfasis nuestro.) Hernández Colón, supra, Cap. 46, Sec. 4601, pág. 294. Sin embargo, aunque en "una moción de reconsideración  no deben alegarse nuevos hechos que no han sido considerados por el tribunal al dictar la resolución cuya reconsideración se pide," esto es permisible si se expresan razones poderosas para no haberlo hecho antes. Cuevas Segarra, supra, Cap. VIII, pág. 765.

De otra parte, y en lo que concierne a la revisión apelativa de una sentencia,

> **el tribunal de apelación no puede admitir prueba presentada por primera vez ante dicho tribunal. De así hacerlo, estaría actuando como tribunal de instancia. .... Sin embargo, el tribunal apelativo puede tomar conocimiento judicial de hechos que no hayan sido objeto de tal conocimiento por el tribunal apelado. ... El**

**recurso tiene que resolverse en virtud de los autos que se elevan ante el tribunal de apelación. No es dable que el tribunal considere materia que no se encuentra en los autos que tiene ante su consideración. (Citas omitidas.) Hernández Colón, supra, Cap. 51, Secs. 5112 – 5113, pág. 327.**

La Regla 49.2 de Procedimiento Civil, supra, a su vez, va dirigida a la discreción del tribunal para, si alguno de los fundamentos allí dispuestos está presente, el tribunal pueda relevar a la parte promovente de los efectos de la sentencia.    Ahora bien, "[i]ndependientemente de la existencia de uno de los fundamentos [expuestos en la Regla 49.2, supra], el relevar a una parte de una sentencia ... es una decisión discrecional del tribunal salvo en los casos de nulidad, o cuando la sentencia ha sido satisfecha."   La moción de relevo no puede utilizarse para impugnar cuestiones substantivas que debieron levantarse antes de la sentencia como defensas afirmativas, o luego de la sentencia en un recurso de revisión.   La Regla 49.2, supra, específicamente dispone que dicha Regla no será aplicable a las sentencias de divorcio, a menos que la moción se funde en fraude o nulidad.   Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando al dictar la misma se ha quebrantado el debido procedimiento de ley. Hernández Colón, supra, Cap. 48, Secs. 4801–4803, 4807, págs. 302–303 y 305.

De otra parte, y en lo que respecta a **"[l]a acción de divorcio, ésta es personalísima**, de suerte que sólo puede ser instada por los cónyuges o contra uno de ellos."

(Énfasis nuestro.) Ortega-Vélez, Ruth, Compendio de Derecho de Familia, T. I, Cap. V, Sec. 5.3[2], págs. 181-182, Pub. JTS (2000).

> [L]a acción de divorcio se extingue con la muerte del titular. ... El estado civil es un atributo fundamental de la persona. Esto significa que sólo la persona puede cambiar su propio estado civil y que, como regla general, nadie puede disponer libremente del mismo sin que la persona intervenga. (Citas omitidas.) Sucn. Pacheco v. Eastern Med. Assoc., Inc., 135 D.P.R. 701, 710 (1994).

La causa natural de la disolución del matrimonio es la muerte. Mascareñas, Carlos E., La disolución del matrimonio en el Derecho puertorriqueño, 29 Rev. Jur. U.P.R. 269 (1960). Ésta,

> [d]e inmediato produce el cese de los deberes matrimoniales del cónyuge sobreviviente, **quien enseguida puede contraer nuevo matrimonio ....** Termina el domicilio conyugal y el cónyuge supérstite adquiere uno propio. Si existe una sociedad de gananciales esta finaliza y se procede a su liquidación a la división de los bienes conyugales. .... El cónyuge viudo tiene derecho a una cuota usufructuaria igual a la que por legítima corresponda a cada uno de sus hijos o descendientes legítimos no mejorados .... Finalmente, de existir en el matrimonio hijos no emancipados, el cónyuge sobreviviente ejercerá exclusivamente la patria potestad sobre ellos. (Énfasis nuestro y citas omitidas.) Serrano Geyls, Raúl, Derecho de Familia de Puerto Rico y Legislación Comparada, Vol. I, Cap. VI, Sec. 2, pág. 519, UIA (1997).

La ruptura del vínculo matrimonial también se puede producir por el divorcio. Entre las causales de divorcio está la del consentimiento mutuo, que se estableció en Puerto Rico en el 1978 en el caso de Figueroa Ferrer v. E.L.A., 107 D.P.R. 254 (1978). El Tribunal determinó que:

> [h]asta que la Asamblea Legislativa opte, dentro del esquema constitucional vigente, por prescribir

otras normas tendentes a garantizar que la decisión de disolución conyugal por mutuo acuerdo no es hija de la irreflexión, **los tribunales no admitirán renuncias al término para solicitar revisión y la petición de divorcio podrá retirarse en cualquier momento antes que la sentencia se convierta en final y firme.**" (Énfasis nuestro.) Figueroa Ferrer v E.L.A., supra, pág. 277.

La Guía número 6, previamente transcrita, recoge esta norma. En el Comentario a esta Guía se expresa que el tribunal "debe ser flexible y permitir que los cónyuges por mutuo acuerdo planteen enmiendas a las estipulaciones, que en parte rechace éstas o que se pueda retirar la petición antes que la sentencia advenga final y firme.

Pasemos ahora a aplicar estas normas de derecho a los hechos del caso que tenemos ante nuestra consideración.


III.  APLICACIÓN DE LAS NORMAS DE DERECHO A LOS HECHOS

En el caso de autos no está en controversia el hecho de que el 7 de abril de 1990 la señora Algarín Cruz y el señor Rivera Meléndez contrajeron matrimonio y que el 18 de agosto de 2000 el Tribunal de Primera Instancia dictó sentencia acogiendo la causal de divorcio por consentimiento mutuo y que ese mismo día dicha sentencia se registró y archivó. Tampoco está en controversia el hecho de que el señor Rivera Meléndez falleció al otro día, el 19 de agosto de 2000, y que no fue sino hasta un poco más de un mes más tarde, el 22 de septiembre de 2000, que el tribunal notificó la sentencia y archivó en autos copia de la notificación. Dentro de los seis (6) meses que establece la Regla 49.2, supra, como término fatal para

presentar una moción de relevo, la señora Algarín Cruz presentó una moción alegando la nulidad de la sentencia de divorcio.

De lo antes expuesto surge con meridiana claridad que al morir el señor Rivera Meléndez, la sentencia de divorcio objeto de la solicitud de nulidad, aún no era final y mucho menos firme y ejecutoria. Además, al no haberse notificado la sentencia y archivado en autos copia de dicha notificación, ésta no surtió efecto alguno. Regla 46, supra. Bajo estas circunstancias, no cabe duda que al morir el señor Rivera Meléndez el matrimonio entre éste y la señora Algarín Cruz aún estaba vigente y que fue al ocurrir la muerte que dejó de existir el mismo. En ese momento también perdió su razón de ser el término de treinta (30) días establecido por el caso de Figueroa Ferrer v. E.L.A., supra, y la Guía Número 6, supra, para que dicha sentencia adviniera final y firme. El efecto de la disolución del matrimonio por la muerte de uno de los cónyuges fue inmediato, desde ese momento el cónyuge sobreviviente podía contraer nuevas nupcias, cesaron sus obligaciones conyugales, adquirió la patria potestad de los hijos menores de edad habidos en el matrimonio y dejó de existir la sociedad de bienes gananciales. Tampoco había acción alguna de la cual desistir, pues siendo el divorcio una acción personalísima, ésta dejó de existir con la muerte de uno de los cónyuges.

Ni la Guía número 6 ni la norma establecida en Figueroa Ferrer v. E.L.A., supra, podían insuflarle vida a

un vínculo matrimonial que había quedado disuelto por la muerte de uno de los cónyuges. Bajo las circunstancias específicas de este caso, no nos cabe duda que el mecanismo procesal de la moción de relevo al amparo de la Regla 49.2, supra, era uno adecuado. La señora Algarín Cruz no pretendía revisar la sentencia dictada por el foro de instancia por entender que éste se equivocó al emitirla. Tampoco pretendía que un tribunal apelativo revisase y corrigiese algún error cometido por instancia. Fue la muerte del señor Rivera Meléndez, un evento posterior, el que convirtió en inoficiosa, nula y totalmente desprovista de razón de ser, la sentencia de divorcio por consentimiento mutuo que había sido previamente emitida.

Por las razones antes expuestas, se revoca tanto la sentencia emitida por el foro de instancia el 18 de agosto de 2000, como la Resolución de 29 de noviembre de 2001 del Tribunal de Circuito denegando la solicitud de certiorari y concedemos la solicitud de nulidad de la sentencia de divorcio por consentimiento mutuo presentada por la señora Algarín Cruz.


                              Miriam Naveira de Rodón
                              Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Santiago H. Rivera Meléndez

    Recurrido

       v.

                              CC-2001-1037

Wanda Ivette Algarín Cruz

    Peticionaria




SENTENCIA



San Juan, Puerto Rico a 14 de mayo de 2003



      Por las razones expuestas en la Opinión que antecede, se revoca tanto la sentencia emitida por el foro de instancia el 18 de agosto de 2000, como la Resolución de 29 de noviembre de 2001 del Tribunal de Circuito denegando la solicitud de certiorari y se concede la solicitud de nulidad de la sentencia de divorcio por consentimiento mutuo presentada por la señora Algarín Cruz.

      Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.



                          Patricia Otón Olivieri
                    Secretaria del Tribunal Supremo