EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>vs.<br><br>Gilberto Rodríguez Martínez<br><br>Peticionario | Certiorari<br><br>2006 TSPR 37<br><br>166 DPR ____ |

Número del Caso: CC-2004-267

Fecha: 15 de marzo de 2006

Tribunal de Circuito de Apelaciones:

        Región Judicial de Ponce

Juez Ponente:

        Hon. Rafael L. Martínez Torres

Abogados de la Parte Peticionaria:

        Lcdo. Alberto Colón Bermúdez

Oficina del Procurador General:

        Lcdo. Ricardo E. Alegría Pons
        Procurador General Auxiliar

        Lcda. Janitza Alsina Rivera
        Procuradora General Auxiliar

Materia: Infracción al Art. 411-Ley de Sustancias Controladas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        vs.                      CC-2004-267      CERTIORARI

Gilberto Rodríguez Martínez

    Peticionario

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 15 de marzo de 2006

Contra Gilberto Rodríguez Martínez se determinó causa probable para arresto y, posteriormente, para acusar por alegadas violaciones a la Ley de Sustancias Controladas, 24 L.P.R.A. § 2101 et seq. Específicamente se le imputó haberle vendido sustancias controladas a un agente encubierto de la Policía. Luego de celebrado el acto de lectura de acusación, la defensa de Rodríguez Martínez presentó una moción de supresión de evidencia, en la cual solicitó la eliminación de la identificación realizada por el agente encubierto y por el supervisor de éste.

El 25 de septiembre de 2003, se celebró una vista evidenciaria en la que, entre otras cosas, se

desfiló prueba relacionada a la aludida moción de supresión de evidencia. Ese mismo día, y en corte abierta, el juez que presidió la vista declaró no ha lugar la solicitud del imputado y, además, denegó una solicitud de reconsideración presentada por éste. No surge del expediente que la representación del acusado le informara al tribunal en dicho día de su intención de solicitar la revisión de la referida determinación, por lo que el tribunal no ordenó la notificación de la minuta.

Así las cosas, el 23 de octubre de 2003, la representación legal de Rodríguez Martínez se personó en la secretaría del tribunal de instancia y obtuvo una copia certificada de la minuta de la vista evidenciaria antes mencionada. Del texto de ésta surge que la misma fue transcrita el 1 de octubre de 2003.

Inconforme con la determinación del foro primario, el 21 de noviembre de 2003 Rodríguez Martínez acudió --mediante recurso de certiorari-- ante el Tribunal de Apelaciones. Adujo, en síntesis, que dicho tribunal erró al declarar No Ha Lugar la solicitud de supresión de evidencia, debido a que la identificación de éste por parte del agente encubierto, y su supervisor, no fue conforme a las garantías de confiabilidad establecidas por la jurisprudencia de este Tribunal. Además, alegó que el foro primario incidió al no admitir en evidencia unas fotos presentadas por él.

Oportunamente, el Procurador General, en representación del Ministerio Público, compareció ante el foro apelativo intermedio solicitando la desestimación del recurso presentado por el acusado. Argumentó que conforme lo resuelto en Pueblo v. Rodríguez Ruiz, res. el 18 de junio de 2002, 2002 TSPR 81, el recurso fue presentado 21 días tarde.

Evaluados los argumentos de ambas partes, el foro apelativo intermedio denegó el recurso antes mencionado por entender que carecía de jurisdicción. Sostuvo que, como Rodríguez Martínez no le informó al tribunal de instancia de su intención de solicitar la revisión judicial de su determinación, el término para presentar el recurso comenzó a transcurrir desde el día en que se transcribió la minuta --o sea, el 1 de octubre de 2003-- venciendo dicho término el 31 de octubre del mismo año, 21 días antes de presentado el recurso. El aludido foro apoyó su determinación en Pueblo v. Rodríguez Ruiz, ante, por entender que los hechos de éste eran idénticos a los del presente caso y, a su vez, diferenció el mismo de lo resuelto en Sánchez Torres v. Hosp. Dr. Pila, ante. Al respecto, determinó que como en el presente caso "no se notificó nada posterior a la minuta" lo resuelto en Sánchez Torres v. Hosp. Dr. Pila, ante, era inaplicable a éste.[1]

---

[1] Es menester señalar que el Juez Brau Ramírez emitió un "voto concurrente" en el que expresó que la doctrina aplicable era la establecida en Sánchez Torres v. Hosp. Dr. Pila, res. el 6 de diciembre de 2002, 2002 TSPR 148, por lo

(Continúa . . .)

Aún insatisfecho, Rodríguez Martínez acudió --mediante recurso de *certiorari*-- ante este Tribunal. Alega que procede revocar la sentencia emitida por el foro apelativo intermedio debido a que dicho foro incidió:

> … al entender que el recurso fue radicado tardíamente ya que el reglamento transitorio de ese tribunal aprobado por este Honorable Tribunal Supremo y posterior a la decisión de Rodríguez-Ruiz no enmendó la Regla 32 de dicho Tribunal Apelativo conforme a la resuelto en dicha opinión.
>
> … al entender que el caso de Rodríguez-Ruiz, ya citado, es idéntico a los hechos del caso de auto [sic] del cual recurrimos ante este Honorable Tribunal Supremo ya que en el de Rodríguez-Ruiz se notificó la minuta al abogado del acusado el mismo día en que se celebró la vista, no así en el presente
>
> … al resolver que la opinión emitida en Sánchez-Torres VS Hospital Dr. Pila, ya citado, no era de aplicación a los hechos de éste caso dado el hecho que dicha opinión es posterior a la de Pueblo VS Rodríguez-Ruiz, ya citado, y es más consonante [sic] con la doctrina establecida por éste propio tribunal de que nos [sic] se interpreten rigurosamente las disposiciones que rigen el trámite de los recursos de carácter apelativo.

<u>Expedimos el recurso</u>. Estando en posición de resolver el mismo, procedemos a así hacerlo.

I

El presente caso plantea, nuevamente, la siguiente interrogante: ¿Cuándo comienza a decursar el término de treinta días dispuesto para solicitar la revisión apelativa

---

que el recurso no era tardío. No obstante, concurrió con el resultado por entender que no se cometieron los errores señalados.

de una decisión interlocutoria emitida en corte abierta --en un caso criminal-- cuando la parte perjudicada no le manifiesta al tribunal de instancia de su intención de recurrir en revisión al Tribunal de Apelaciones y, por ende, el foro de instancia no ordena que se notifique la minuta?

A

De entrada es menester señalar que para que el foro apelativo intermedio pueda revisar una decisión del foro de instancia, "lo esencial es que se acompañe copia del documento en sí que recoge la decisión" Pueblo v. Pacheco Armand, 150 D.P.R. 53 (2000).[2] Así pues, hemos determinado que una minuta que recoja, en términos claros, la decisión del juez que se pretende revisar, es suficiente para cumplir con el requisito antes mencionado. *Ibid*; Pueblo v. Rodríguez Ruiz, *ante*.

En cuanto al momento en que comienza a transcurrir el término para acudir al Tribunal de Apelaciones para solicitar la revisión de las resoluciones u órdenes interlocutorias en procedimientos criminales, tanto la Regla 32(D) del Reglamento del Tribunal de Apelaciones,

---

[2] Somos conscientes que en los casos en que se emite en corte abierta la "sentencia final" en un procedimiento criminal, el término para presentar el recurso pertinente comienza a decursar desde el momento en que se dicta en corte abierta la sentencia. Véase, Regla 23 del Reglamento del Tribunal de Apelaciones, aprobado el 20 de julio de 2004, 4 L.P.R.A. Ap. XXII-B R. 23, y Regla 194 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 194.

aprobado el 20 de julio de 2004, 4 L.P.R.A. Ap. XXII-B R. 32(D), como la Regla 32(D) del Reglamento Transitorio del Tribunal de Apelaciones --aplicable a los hechos del presente caso-- disponen que el recurso de *certiorari* se deberá presentar dentro de los treinta días posteriores a la fecha del archivo en autos de copia de la notificación u orden recurrida. Cónsono con ello, la Regla 32(b) de las Reglas para la Administración del Tribunal de Primera Instancia de 1999, 4 L.P:R.A. Ap. II-B, R.32(b), según enmendada, establece, entre otras cosas, que las minutas deberán notificarse a las partes o a sus abogados cuando éstas incluyan una resolución u orden emitida por el juez en corte abierta.[3]

---

[3] Dicha Regla expresa, en lo pertinente, que:

(b)(1) Minutas.--La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los tribunales y será certificada por la Secretaria de Servicios a Sala.

La minuta original se unirá al expediente judicial. En aquellos casos consolidados, la minuta original será unida al expediente de mayor antigüedad. Se incluirá copia de la minuta en los expedientes consolidados restantes.

Se permitirá la utilización de papel de color rosa o del color que se establezca y que se tenga disponible para la preparación de la minuta original. Esto tiene como propósito poder identificar en el expediente con rapidez la minuta.

La minuta no será notificada a las partes o a sus abogados, salvo que incluya una resolución u orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes.

La Secretaria, custodia del expediente podrá expedir copia de la minuta previo la cancelación de los derechos arancelarios, según corresponda.

(Continúa . . .)

A pesar de lo dispuesto en dichas reglas, la realidad en la práctica es otra. Tanto en Pueblo v. Rodríguez Ruiz, ante, como en Pueblo v. Pacheco Armand, ante, reconocimos que las minutas de los procedimientos criminales no suelen notificarse a las partes, provocando con ello que la parte perjudicada por una decisión pueda ver afectado su derecho a recurrir del dictamen. Asimismo, indicamos que, si obligáramos a la parte a esperar porque se notifiquen las resoluciones u órdenes del tribunal, el recurso podría tornarse académico. Ibid.

En Pueblo v. Rodríguez Ruiz, ante, nos enfrentarnos a una controversia similar a la del presente caso. En aquella oportunidad expresamos lo siguiente:

> "… como norma general, cuando el tribunal de instancia tome una determinación en corte abierta, que pueda ser objeto de revisión judicial, la parte perjudicada por la misma deberá informarle al tribunal, ese mismo día y en corte abierta, su propósito de solicitar revisión ante el Tribunal de Circuito de Apelaciones [hoy, Tribunal de Apelaciones]. A su vez, el tribunal de instancia deberá ordenar a la Secretaria de Sala que notifique dicha minuta a todas las partes de manera oficial. En ese caso, la fecha en que comenzará a decursar el término para solicitar revisión será obviamente la fecha de la notificación oficial de la minuta. Ahora bien, en los casos excepcionales en que la parte

---

(2) La Secretaria o el Secretario de Servicios a Sala preparará la minuta en la que se hará constar la fecha, las partes y su representación legal, cuando la hubiera, el número de identificación del expediente, una breve reseña de los procedimientos habidos o asuntos atendidos en la vista, los planteamientos de las partes y las determinaciones del juez o de la jueza, una relación de las personas que testificaron, y una relación de la prueba documental presentada con indicación de si fue admitida o no.

> perjudicada por la determinación del tribunal no exprese en dicho momento su propósito de solicitar revisión, y posteriormente decida revisar, la fecha de notificación será la fecha de transcripción de la minuta." (Énfasis nuestro).

Las antes transcritas expresiones son claras. Establecimos que la parte se entenderá notificada: 1) cuando se notifique oficialmente la minuta, si la parte perjudicada le informó al tribunal, ese día y en corte abierta, de su intención de solicitar la revisión del dictamen ante el foro apelativo; o 2) cuando se transcriba la minuta, si la parte perjudicada no informó lo anterior en el momento indicado.

Los fundamentos que nos llevaron a adoptar dicha norma no han variado. Por un lado, la práctica de los tribunales de no notificar las minutas en los procedimientos criminales continua vigente y, por el otro, se sigue promoviendo que los casos criminales se resuelvan de manera expedita y que la parte perjudicada por un dictamen del foro primario pueda solicitar la revisión del mismo. Pueblo v. Rodríguez Ruiz, ante. En dicho caso expresamos, y hoy reiteramos, que ante la espera de la notificación del dictamen "[e]l proceso apelativo podría resultar académico y acarrear violaciones de derechos constitucionales fundamentales; más aún cuando estamos ante decisiones, que aunque interlocutorias, podrían ser cardinales para la disposición del caso." Ibid.

Somos del criterio que los intereses antes mencionados están adecuadamente protegidos bajo el palio de la norma adoptada en Pueblo v. Rodríguez Ruiz, ante. Por tal razón, reiteramos que cuando una parte interese acudir ante el foro apelativo intermedio para solicitar la revisión de un dictamen interlocutorio del foro primario emitido en corte abierta en un caso criminal, el término para presentar el recurso comenzará a transcurrir, como norma general, cuando se notifique oficialmente la minuta, si la parte perjudicada le informó al tribunal, ese día y en corte abierta, de su intención de solicitar la revisión del dictamen ante el foro apelativo. Sin embargo, en situaciones --como en la de autos-- en los que la parte perjudicada no informe lo anterior en el momento indicado, el término comenzará a transcurrir cuando se transcriba la minuta.

II

Por estar íntimamente relacionados, evaluaremos en conjunto los señalamientos de error levantados por Rodríguez Martínez.

El peticionario alega en su recurso que tanto lo resuelto en Sánchez Torres v. Hosp. Dr. Pila, ante, como la Regla 32(D) del Reglamento del Tribunal de Apelaciones, ante, --ambos posteriores a Pueblo v. Rodríguez Ruiz, ante-- demuestran que lo allí resuelto no tiene vigencia en la actualidad. No tiene razón.

En _Sánchez Torres_ v. _Hosp. Dr. Pila_, ante, resolvimos que _en los casos civiles_ la notificación que activa los términos para interponer una moción de reconsideración o un recurso de certiorari ante el Tribunal de Apelaciones tiene que constar por escrito y que dicho escrito tiene que ser notificado a las partes. Dichas expresiones, son claras al establecer que dicha norma es únicamente aplicable a los casos civiles.

Asimismo, resulta patentemente claro que lo resuelto en _Sánchez Torres_ v. _Hosp. Dr. Pila_, ante, no es viable en los procedimientos criminales. Ello, porque para poder aplicar correctamente dicha norma en el contexto de estos casos deberíamos, entre otras cosas: 1) ordenar que se notifiquen todas las minutas que incluyan órdenes o resoluciones aunque las mismas sean rutinarias, sobrecargando de trabajo las ya atareadas Secretarías de lo Criminal de los Tribunales de Primera Instancia; o 2) permitir --como propone el peticionario-- que la fecha de notificación sea el día que la parte acuda a la Secretaría y obtenga una copia certificada de la minuta, lo que sería prácticamente dejar a la entera discreción de éste el determinar cuándo será notificado, lo cual es inaceptable.

De otra parte, el peticionario aduce que considerar la fecha de la transcripción de la minuta como la fecha de la notificación ocasionará un caos administrativo, toda vez que los abogados que se proponen recurrir de dichas resoluciones u órdenes tendrán que estar llamando o

acudiendo constantemente a la Secretaría del tribunal para poder tener conocimiento de cuándo se transcribió la misma.

En cuanto a dicha contención, basta con señalar que aunque consideramos que dichas gestiones pueden causarle inconvenientes a los abogados, somos del criterio que no provocarán, como el peticionario alega, un "caos" en la Secretaría del Tribunal. Además, destacamos que la fecha de la notificación para efectos de recurrir ante el Tribunal de Apelaciones será la de la transcripción de la minuta, únicamente en los casos excepcionales en los que la parte afectada no le indique al tribunal, el día en que se emitió el dictamen y en corte abierta, su intención de solicitar la revisión del mismo. En otras palabras, los casos en los que los abogados se vean en la necesidad de saber la fecha de la transcripción de la minuta deben ser los menos, pues la norma general es que éstos actúen de forma competente y le informen al tribunal de su deseo de recurrir para que éste ordene la notificación oficial de la minuta.

Por otro lado, no tiene razón el peticionario al sostener que la norma establecida en Pueblo v. Rodríguez Ruiz, ante, atenta contra la política pública de ser flexibles en la interpretación de las leyes y reglamentos que se refieran a los procedimientos apelativos. No debe caber duda que dicha política no significa, bajo ningún concepto, que los abogados practicantes puedan hacer caso omiso de los precedentes jurisprudenciales y luego pretender que los tribunales apelativos asuman jurisdicción

en casos donde claramente no la hay. La norma establecida en Pueblo v. Rodríguez Ruiz, ante, --y aquí reiterada-- es clara y, por lo tanto, no debe alterarse por el mero desconocimiento o la poca diligencia de una de las partes, máxime cuando de hacerlo afectaríamos más intereses de los que beneficiaríamos.

Finalmente, Rodríguez Martínez arguye que los hechos de Pueblo v. Rodríguez Ruiz, ante, no son idénticos a los del presente caso, por lo que el mismo no debe utilizarse para resolver la controversia ante nos. Aun cuando, a diferencia del caso ante nuestra consideración, en Rodríguez Ruiz, ante, la minuta fue notificada, ello no es óbice para que la norma allí pautada sea de aplicación al presente recurso. Como vimos, dicha norma establece una solución específica para los casos como el de autos, además de que protege adecuadamente todos los intereses aquí implicados.

Aclarado lo anterior, debemos determinar si actuó correctamente el foro apelativo intermedio al desestimar el presente caso por carecer de jurisdicción.

A

Es un hecho incontrovertido que, el 25 de septiembre de 2003 --día en que el foro primario emitió el dictamen recurrido ante el Tribunal de Apelaciones-- el peticionario, a pesar de solicitar la reconsideración del mismo, no le informó al tribunal su intención de acudir

ante el Tribunal de Apelaciones a solicitar la revisión de éste. Tampoco está en controversia que la minuta se transcribió el 1 de octubre de 2003 y que no fue hasta el 23 del mismo mes y año que el peticionario acudió a la Secretaría a solicitar una copia certificada de la misma.[4]

Analizados dichos hechos según la normativa antes expuesta, no debe caber duda que el término para acudir ante el foro apelativo intermedio para solicitar la revisión del dictamen emitido en corte abierta el 25 de septiembre de 2003, comenzó a decursar el 1 de octubre de 2003 --día en que se transcribió la minuta de la vista en la que se emitió el dictamen-- y venció el 31 de octubre del mismo mes y año. Ante estos hechos, el foro apelativo intermedio actuó correctamente al desestimar el recurso por considerarlo tardío.[5] Tampoco incidió el aludido foro al resolver que el peticionario no adujo justa causa alguna que le permitiera extender el término de cumplimiento estricto.[6]

---

[4] Cabe destacar que de los hechos antes mencionados se desprende que el peticionario obtuvo copia de la minuta siete días antes de expirar el plazo para recurrir del dictamen.

[5] Recordamos que los tribunales no pueden asumir jurisdicción donde no la hay y que cualquier sentencia, dictada sin jurisdicción, es una sentencia nula en derecho y, por lo tanto, inexistente. Rivera Meléndez v. Algarín Cruz, 2003 TSPR 79; Febles v. Romar Pool Construction, res. el 30 de junio de 2003, 2003 TSPR 113.; Pueblo v. Miranda Colón, 115 D.P.R. 511, 513 (1984).

[6] Un término de "cumplimiento estricto" le otorga al foro judicial la facultad de ejercer discreción para proveer justicia de acuerdo a las circunstancias particulares de
(Continúa . . .)

III

Por los fundamentos antes expresados, procede confirmar la Sentencia emitida en el presente caso por el Tribunal de Apelaciones y, en consecuencia, devolver el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
JUEZ ASOCIADO

---

cada caso. Arriaga Rivera v. Fondo del Seguro del Estado, 145 D.P.R. 122, 130-131 (1998). Sin embargo, el foro apelativo sólo puede ejercer su discreción si la parte que solicita la prórroga demuestra justa causa fundamentada para ello en su escrito de *certiorari*. Cuando la parte que solicita la prórroga no demuestra justa causa, el foro apelativo carece de discreción para acoger el recurso. Rojas v. Axtmayer Ent., Inc., 150 D.P.R. 560. 564 (2000); Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 657 (1997).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido

        vs.                  CC-2004-267     CERTIORARI

Gilberto Rodríguez Martínez

    Peticionario


SENTENCIA

San Juan, Puerto Rico, a 15 de marzo de 2006


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia confirmatoria de la emitida en el presente caso por el Tribunal de Apelaciones y, en consecuencia, se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez disiente sin opinión escrita.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo