EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico Peticionario  v.  Rafael Pacheco Armand Recurrido | Certiorari  2000 TSPR 4 |
|---|---|

Número del Caso: CC-1999-0112

Fecha: 14/01/2000

Tribunal de Circuito de Apelaciones: Circuito Regional V

Panel Integrado por: Hon. Negrón Soto
                     Hon. Negroni Cintrón
                     Hon. Segarra Oliveras

Abogados de la Parte Peticionaria: Lcda. Mayra J. Serrano Borges

Abogados de la Parte Recurrida: Lcda. Sonia Avilés Lamberty

Materia: Agresión

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Demandante-Peticionario

        vs.                  CC-1999-112    Certiorari

Rafael Pacheco Armand

    Demandado-Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor Fuster Berlingeri

San Juan, Puerto Rico, a 14 de enero de 2000.

Nos toca resolver si un dictamen del Tribunal de Primera Instancia, **consignado en una minuta**, constituye una decisión revisable de ese foro.

I

Contra el recurrido, Rafael Pacheco Armand, se presentaron ante el foro de instancia varias denuncias imputándole la comisión de los delitos de agresión agravada grave (Art. 95 del Código Penal, 33 L.P.R.A. sec. 4032); exposiciones deshonestas (Art. 106 del Código Penal, 33 L.P.R.A. sec. 4068); y desacato.

El Tribunal de Primera Instancia, Subsección de Distrito, Sala de Ponce, suspendió la vista preliminar pautada en este caso con respecto a la imputación sobre agresión agravada y ordenó la evaluación del

recurrido para determinar su procesabilidad conforme a la Regla 240 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

En la vista de procesabilidad, celebrada el 27 de marzo de 1998, el Dr. Rafael Cabrera Aguilar, psiquiatra del Estado, declaró que había examinado al imputado y en su opinión éste no estaba en condición para ser juzgado. Por ello, el tribunal resolvió que el imputado no era procesable en ese momento. Además, ordenó que se trasladara al imputado del Hospital de Psiquiatría Correccional donde estaba recluido, al Hospital de Psiquiatría Forense, donde debía ser evaluado nuevamente. Posteriormente, el 29 de mayo de 1998, se celebró otra vista de procesabilidad. Conforme al testimonio pericial del doctor Cabrera Aguilar de que la condición del imputado no había cambiado, el tribunal lo declaró "no procesable" otra vez, y señaló una vista de seguimiento a celebrarse tres meses más tarde.

El 28 de agosto de 1998, se celebró la vista referida y el perito declaró que el recurrido había mejorado clínicamente y actualmente se encontraba procesable. No obstante, el tribunal declaró con lugar una solicitud de la defensa para que el recurrido continuara hospitalizado en el Hospital de Psiquiatría Forense y señaló otra vista de seguimiento.

Finalmente, en la vista celebrada el 30 de octubre de 1998, el doctor Cabrera Aguilar testificó que había evaluado al imputado nuevamente y que en su opinión éste era inimputable. Recomendó que el recurrido continuara recluido en el Hospital

de Psiquiatría.  En vista de lo anterior, el foro de instancia determinó "no causa en el delito de agresión agravada grave", y lo absolvió en los casos de exposiciones deshonestas y desacato. Se señaló una vista al amparo de la Regla 241 de Procedimiento Criminal para una fecha posterior.

De esta última determinación, que consta en una minuta, el Procurador General acudió mediante recurso de <u>certiorari</u> ante el Tribunal de Circuito de Apelaciones. El 30 de diciembre de 1998, dicho foro desestimó el recurso referido por <u>prematuro</u>.  El tribunal apelativo concluyó que "mientras no haya una resolución escrita y por carecer de finalidad, el dictamen consignado en la minuta puede ser modificado, en cualquier momento, por el Juez que presuntamente lo emitió..., lo que no sólo le resta certidumbre a la decisión en el caso, sino que impide que el foro apelativo conozca exactamente cuál es el dictamen que debe revisar".

El Procurador General entonces recurrió ante nos y planteó la siguiente cuestión:

> INCURRIO EN ABUSO DE DISCRECION EL TRIBUNAL DE CIRCUITO DE APELACIONES AL DESESTIMAR POR PREMATURO EL RECURSO INSTADO POR EL PUEBLO DE PUERTO RICO POR RECURRIR ESTE CON UNA MINUTA QUE RECOGE EL DICTAMEN JUDICIAL A SER REVISADO Y NO CON UNA RESOLUCION PLASMANDO LA DECISIÓN DE INSTANCIA.

El 12 de marzo de 1999, le concedimos término a la parte recurrida para que mostrara causa, si alguna tenía, por la cual no debíamos expedir el auto solicitado por el Pueblo, y revocar el dictamen del foro apelativo.

El 14 de abril de 1999, compareció el recurrido, representado por la Sociedad para Asistencia Legal, y **se allanó al planteamiento del Procurador General**. Con el beneficio de su comparecencia, pasamos a resolver, según lo intimado.

II

Antes de proceder al examen de la cuestión ante nuestra consideración, es menester señalar que dicha cuestión ha estado planteada en numerosas ocasiones ante el foro apelativo, y que ha sido objeto de decisiones inconsistentes por parte de distintos paneles de ese foro.[1] Más aun, la

---

[1] Véanse los casos de Pueblo v. José A. Collazo González, KLCE9801327, Circuito Regional VII, Carolina-Fajardo, Resolución del 21 de enero de 1999, desestimando el recurso presentado sin resolución, ni minuta, por prematuro, al no haber notificado aún al Tribunal de Primera Instancia el dictamen recurrido; Pueblo v. Ramón Soto Ríos, KLCE9801295, Circuito Regional VII, Sentencia del 26 de enero de 1999, notificada y archivada en autos el 26 de enero de 1999, expidiendo el auto de certiorari solicitado por el Pueblo sin acompañar resolución ni minuta del dictamen recurrido y ordenando al Tribunal de Primera Instancia emitir resolución en el plazo de veinte (20) días, disponiendo que una vez se notifique la misma el recurrente comparecerá ante el Tribunal con el recurso correspondiente; Pueblo v. Carlos Hernández, KLCE9801091 y Pueblo v. Ray Rivera Cartagena, KLCE9800471, en ambos el Circuito Regional V desestimó por los mismos fundamentos, no haber incluido resolución escrita, los recursos presentados en los que el Pueblo fue recurrido; Pueblo v. Luis D. Rivera Manfredy, KLCE9801230, consolidado con Pueblo v. Norberto Torres, KLCE981238; Pueblo v. Walter Quiles, KLCE9801246; Pueblo v. José Estrada, KLCE9801247, Circuito Regional V de Ponce y Aibonito, el Pueblo acudió con minuta y el Tribunal de Circuito ordenó al Tribunal de Primera Instancia emitir la resolución en los casos consolidados y habiendo sido emitido expidió el auto y dictó resolución revocando las mismas; Pueblo v. Oscar Martínez Hernández y Gerardo González, KLCE981028, Circuito Regional

cuestión referida ha estado ante nos antes, sin que hayamos tenido la ocasión para resolverla.[2] Se trata claramente de un asunto que debemos pautar. Veamos.

La Regla 34(E)(1)(b) del Reglamento del Tribunal de Circuito de Apelaciones dispone lo siguiente:

**Regla 34. Contenido de la solicitud de certiorari**

[...]

E. Apéndice

(1)  La solicitud incluirá un apéndice que contendrá una copia literal de:

(b) <u>La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere y la notificación del archivo en autos de copia de la notificación</u>

---

III Arecibo y Utuado, se acogió el recurso presentado con minuta que recogía la determinación de suprimir la evidencia ocupada.

[2] Véase, nuestra Resolución de 15 de octubre de 1999 en <u>Pueblo v. Oquendo Torres</u>, CC-1999-76.

<u>de la decisión, si la hubiere</u>. (Enfasis suplido).

Como puede observarse, la Regla citada no dispone que la decisión del foro de instancia que se interesa revisar debe estar contenida en una resolución escrita y firmada por el juez que la emite.  La Regla sólo requiere que se acompañe copia literal de la "decisión" del tribunal, sin que importe si tal decisión se recogió mediante una resolución, una orden o una minuta.  Lo esencial es que se acompañe copia del documento en sí que recoge la decisión de instancia.

Por otro lado, ya antes habíamos reconocido que una decisión judicial en un proceso penal puede recogerse válidamente en una minuta del tribunal. Conforme al Artículo 326 del Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 969, las minutas forman parte del expediente de un caso en el Tribunal de Primera Instancia, como constancia del proceso seguido. En <u>Vélez v. Silva</u>, 65 D.P.R. 674 (1946) interpretamos el referido Artículo 326, que está aún vigente, y resolvimos que si una sentencia penal verbal constaba en una minuta, tal sentencia era válida.

Más aun, contrario a lo que sucede en nuestro ordenamiento procesal civil en virtud de lo dispuesto en la Regla 43.2 de Procedimiento Civil, 32 L.P.R.A., Ap. III, en el ordenamiento procesal penal no existe disposición alguna que de ordinario requiera al tribunal de instancia emitir sentencias o resoluciones fundamentadas como medio para consignar sus decisiones. En el ordenamiento procesal penal,

según lo dispone expresamente la Regla 162 de Procedimiento Criminal, el tribunal de instancia -al explicar las razones por las cuales le impuso la pena al convicto- puede hacerlo "verbalmente o por escrito". Más aun, según lo dispone la Regla 163, tanto el fallo como la sentencia se dictaran en sesión pública del tribunal, y "se harán constar... en las **minutas** del tribunal, si las hubiere".

De lo anterior surge evidente que en la esfera de lo penal las minutas, **que los jueces y magistrados aprueban**, se conciben como medios oficiales para recoger y conservar distintos pormenores acontecidos en el transcurso de un proceso criminal, incluso decisiones judiciales como la del caso de autos.

En efecto, tanto el Procurador General como la Sociedad para Asistencia Legal señalan en sus respectivos escritos ante nos que, en la práctica, en los procesos penales del país los jueces de instancia emiten la mayor parte de sus decisiones cotidianas en corte abierta, sin formular una resolución escrita que recoja la decisión. Ello es particularmente cierto con respecto a decisiones judiciales relativas a asuntos de carácter interlocutorio. Por su naturaleza expedita, los procesos penales dan lugar con frecuencia a decisiones incidentales en sala, que sólo se recogen en minutas. Frente a esta insoslayable realidad, tanto el Procurador General como la Sociedad para Asistencia Legal señalan con mucha razón lo siguiente:

> "Debido a la prontitud con que se celebran las distintas etapas del proceso, para garantizar el derecho a juicio rápido del acusado y del Pueblo, resulta oneroso a las partes requerirles que no acudan a revisar dictámenes que le son desfavorables hasta que los obtengan por escrito en resolución por el magistrado de instancia. Podría resultar académico revisar una decisión adversa, si el juicio o la etapa siguiente en el proceso ya está señalada y la misma no tiene que ser dejada sin efecto por el Tribunal de Primera Instancia al no mediar orden alguna de un tribunal de jerarquía superior por no haber un recurso apelativo incoado. Consecuentemente, se coartarían derechos fundamentales de las partes al desalentar así la revisión de incidentes interlocutorios adversos."

Debe resaltarse, además, que nosotros mismos, al realizar nuestra labor de revisión final de dictámenes a quo descansamos ocasionalmente en las minutas del foro de instancia como constancias de lo resuelto por ese foro, cuando no existe una resolución que recoja la decisión correspondiente. Lo hemos hecho así recientemente en Pueblo v. Bonilla Bonilla, Opinión del Tribunal de 7 de octubre de 1999, ___ D.P.R. ___, 99 JTS 157; y en Zayas v. Royal Ins. Co., Opinión de 30 de septiembre de 1998, 146 D.P.R. ___, 98 JTS 127. En este último estimamos incluso que el término jurisdiccional para presentar el recurso ante el foro apelativo transcurrió a partir de la notificación de la minuta que recogía el dictamen de instancia impugnado ante el foro apelativo.

En resumen, pues, no hay nada en nuestro ordenamiento jurídico que prohiba concretamente el uso de una minuta para acreditar un dictamen judicial cuya revisión se procura. Por

el contrario, el propio ordenamiento jurídico procesal en la esfera penal y la práctica judicial, incluyendo la de este Tribunal, permitan y avalan el uso de tales minutas como constancias de una decisión judicial de instancia, cuando no existe una resolución escrita que la recoja.

III

Debe quedar claro que para fines apelativos, la mejor práctica sería que los tribunales de instancia, al adjudicar controversias importantes como la que aquí nos concierne, emitiesen resoluciones escritas en las cuales se plasme la decisión judicial y sus fundamentos. Ello evidentemente facilitaría la función revisora de los foros apelativos.

Véase, <u>Torres García v. Dávila Díaz y Otros</u>, Per Curiam de 22 de febrero de 1996, 140 D.P.R. ___, 96 JTS 19.

Sin embargo, por lo señalado antes, resultaría difícil y oneroso obligar a los tribunales de instancia a que consignen en resoluciones escritas fundamentadas todas sus determinaciones cotidianas. Por ello, resolvemos que cuando una minuta recoge en términos claros y precisos la decisión del juez que se pretende revisar, tal minuta es suficiente para cumplir con lo que exige la Regla 34(E)(1)(b) del Reglamento del Tribunal de Circuito de Apelaciones. Si el foro apelativo estima que la minuta incluida en el apéndice del recurso por alguna razón no es adecuada, entonces dicho foro debe ordenar al tribunal de instancia emitir pronto una resolución escrita fundamentada. Lo que no procede es que el tribunal apelativo opte inicialmente por la medida drástica de la desestimación. <u>Sociedad Legal v. García López</u>, Per Curiam de 23 de enero de 1997, 142 D.P.R. ___, 97 JTS 7. Por ende, erró el foro apelativo en el caso de autos al ordenar la desestimación del recurso en cuestión.

Por los fundamentos expuestos, procede que se expida el certiorari que nos fue solicitado en este caso; que se deje sin efecto el dictamen del foro apelativo; y que se devuelva el caso a dicho foro para que continúen los procedimientos allí, conforme a lo aquí resuelto.

Se dictará la sentencia correspondiente.

CC-1999-112                    12


                              JAIME B. FUSTER BERLINGERI
                                    JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Demandante-Peticionario

      vs.               CC-1999-112    Certiorari

Rafael Pacheco Armand

    Demandado-Recurrido

SENTENCIA

San Juan, Puerto Rico, a 14 de enero de 2000.

      Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente sentencia, se expide el certiorari que nos fue solicitado en este caso; se deja sin efecto el dictamen del Tribunal de Circuito de Apelaciones, Circuito Regional V; y se devuelve el caso a dicho foro para que continúen los procedimientos allí, conforme a lo aquí resuelto.

      Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

                    Isabel Llompart Zeno
                  Secretaria del Tribunal Supremo