Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br>**Recurrido**<br><br>V.<br><br>ROBERTO SANTIAGO VÉLEZ<br>**Peticionario** | KLCE202400260 | *CERTIORARI* procedente del Tribunal de Primera Instancia Ponce<br><br>Caso Núm: J VI2023G0020<br><br>SOBRE: A93/Grado de Asesinato 1er Grado inciso A |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Martínez Cordero y la Jueza Boria Vizcarrondo[1].

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de marzo de 2024.

I.

El 1 de marzo de 2024, el Sr. Roberto Santiago Vélez (señor Santiago o peticionario) compareció ante nos mediante una *Moción Urgente en Auxilio de Jurisdicción y Solicitando Paralización de Procedimientos.* En esta, solicitó que se paralizaran los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI) hasta tanto se adjudicara el recurso de *Certiorari* que presentó junto a la solicitud en auxilio de jurisdicción.

Cabe precisar, que en su recurso de *Certiorari,* el peticionario solicitó la revisión de una determinación que el TPI presuntamente tomó **verbalmente** en corte abierta el 28 de febrero de 2024 mediante la cual declaró No Ha Lugar una *Moción Suplicando Desestimación por la Regla 64-p de Procedimiento Criminal* que este último presentó. El propio peticionario aclara que **no existe una Resolución notificada por escrito** de la referida determinación a pesar de ser solicitada. Sobre este asunto, únicamente tenemos ante

---

[1] Se designa a la Hon. Lersy G. Boria Vizcarrondo para entender y votar en este caso según OATA-2024-031.

Número Identificador

RES2024 _____

nos una *Orden* que el TPI emitió el 22 de febrero de 2024 y notificó el 27 de febrero de 2024, mediante la cual le ordenó al Ministerio Público a presentar una réplica, en el término de diez (10) días, en cuanto a la solicitud de desestimación por la Regla 64-p de Procedimiento Criminal que presentó el peticionario.

Por otra parte, el señor Santiago solicitó la revisión de una *Orden* que se emitió y notificó el 29 de febrero de 2024, en la cual el TPI declaró No Ha Lugar su *Moción Urgente Suplicando Transferencia de Juicio en su Fondo.* Mediante la moción antes mencionada, el peticionario solicitó la transferencia del juicio en su fondo que se celebraría el 4 de marzo de 2024 ya que su representación legal no había culminado de corroborar la evidencia relacionada al descubrimiento de prueba provisto y, por ende, no podía garantizar una representación legal adecuada y eficaz.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7.

Por los fundamentos que expondremos a continuación, declaramos **No Ha Lugar** la solicitud de auxilio de jurisdicción. En cuanto a la solicitud de revisión de la determinación que tomó el TPI verbalmente en corte abierta sobre la solicitud de desestimación por la Regla 64-p de Procedimiento Criminal que presentó el peticionario, **no la podemos atender por falta de jurisdicción por prematuro** ya que no existe un dictamen por escrito y notificado a las partes que resuelva dicho asunto. Por último, con relación a la solicitud de la transferencia del juicio en su fondo que presentó el señor Santiago, ***denegamos***.

II.

-A-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari*. Íd. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

-B-

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López v. CFSE,* 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

(a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**.

(Énfasis nuestro). *Cordero v. ARPe et al*, 187 DPR 445, 457 (2012). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo" *González v. Mayagüez Resort & Casino*, supra, pág. 856. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso*, 194 DPR 96, 103 (2015). Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

-C-

En lo pertinente al caso ante nos, cabe preciar que, la Regla 34(E)(1)(b) de nuestro reglamento, 4 LPRA Ap. XXII-A, dispone lo siguiente en cuanto al contenido de un recurso de *certiorari*:

> (E) Apéndice
>
> (1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:
>
> […]
>
> (b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de

derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

Como podemos observar, la referida regla no dispone que la decisión del foro de instancia recurrida debe estar contenida en una resolución escrita y firmada por el juez que la emite. *Pueblo v. Pacheco Armand*, 150 DPR 53,58 (2000). La regla únicamente requiere que se acompañe copia literal de la "decisión" del tribunal, sin que importe si tal decisión se recogió mediante una resolución, una orden o una minuta. Íd. **Lo esencial es que se acompañe copia del documento en sí que recoge la decisión de instancia.** (Énfasis suplido) Íd.

Tomando en consideración lo antes expuesto, nuestra Más Alta Curia en el caso *Sánchez et. als. v. Hosp. Dr. Pila et als.*, 158 DPR 255, 262 (2002) resolvió lo siguiente:

> "[u]na notificación verbal en corte abierta de una determinación interlocutoria del Tribunal de Primera Instancia en un caso civil no constituye la notificación que se requiere para activar el plazo dispuesto por ley para interponer una moción de reconsideración o un recurso de "certiorari" ante el Tribunal de Circuito. La notificación que activa estos términos tiene que constar por escrito y dicho escrito tiene que ser notificado a las partes".

### III.

En el caso de autos, el peticionario solicitó la revisión de un presunto dictamen que emitió el TPI **verbalmente en corte abierta** declarando No Ha Lugar su *Moción Suplicando Desestimación por la Regla 64-p de Procedimiento Criminal.* Sin embargo, como admitió el propio señor Santiago, **no existe un dictamen final escrito** en cuanto a esta determinación. Entiéndase, el TPI aún no les ha notificado a las partes por escrito un dictamen en cuanto a este asunto.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias se tienen que resolver con preferencia. Por consiguiente, de entrada, resolvemos

que no tenemos jurisdicción para atender la solicitud de revisión que el peticionario nos solicita en cuanto a la determinación verbal que tomó el TPI en corte abierta el 28 de febrero de 2024. Ello, toda vez que no tenemos jurisdicción para atender dictámenes que no constan por escrito.

Como expusimos en el derecho que antecede, es esencial que la parte que presente un recurso de *certiorari* presente una copia del documento que en sí recoja la decisión de instancia de la cual recurre. *Pueblo v. Pacheco Armand,* supra, pág.58. Además, el Tribunal Supremo estableció que una notificación verbal en corte abierta de una determinación interlocutoria del TPI en un caso civil no constituye la notificación que se requiere para activar el plazo dispuesto por ley para interponer un recurso de *certiorari* ya que la notificación tiene que constar por escrito. *Sánchez et. als. v. Hosp. Dr. Pila et als.,* supa, pág. 262. Reconocemos que en el precitado caso menciona casos civiles, pero ello también aplica a los casos criminales.

Recordemos que, en el ejercicio de nuestra facultad revisora, no podemos depender de una parte exponga que hizo el TPI en la fecha que éstas señale a base de su recuerdo. Esto conlleva a la posibilidad de una mala interpretación del dictamen verbal del TPI y nos puede llevar a resolver un asunto con fundamentos incorrectos o inclusive sobre aspectos no resueltos por el foro revisado. La única manera de revisar jurídicamente un dictamen de un tribunal es conociendo su contenido. Por lo tanto, como mencionamos anteriormente, **no tenemos jurisdicción para atender el dictamen que el TPI dictó verbalmente en corte abierta por prematuro.**

Por otro lado, nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra* en cuanto al

dictamen que emitió el TPI el 22 de febrero de 2024 declarando No Ha Lugar la *Moción Urgente Suplicando Transferencia de Juicio en su Fondo* que presentó el peticionario. Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, declaramos **No Ha Lugar** la solicitud de auxilio de jurisdicción. En cuanto a la solicitud de revisión de la determinación que tomó el TPI verbalmente en corte abierta sobre la solicitud de desestimación por la Regla 64-p de Procedimiento Criminal que presentó el peticionario, **no la podemos atender por falta de jurisdicción por prematuro** ya que no existe un dictamen por escrito y notificado a las partes que resuelva dicho asunto. Por último, con relación a la solicitud de la transferencia del juicio en su fondo que presentó el señor Santiago, *denegamos*.

**Notifíquese inmediatamente al Juez Angel M. Llavona Folguera y a la Jueza Zahira Torres Moro.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones