| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL II | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>Vs.<br><br>CRISTOBAL VARGAS SOTO<br><br>Peticionario | KLCE202500040 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.<br>D VI2021G0040<br>D LA2021G0298<br><br>Sobre:<br>Inf. Art. 93 (B) CP (1er Grado), Inf. Art. 5.05 Ley 404 |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de febrero de 2025.

Comparece la parte peticionaria, el señor Cristobal Vargas Soto, por derecho propio y solicita la revisión de varias órdenes emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Por los fundamentos que expondremos a continuación, desestimamos el presente recurso por falta de jurisdicción.

### -I-

Según surge del expediente, el señor Vargas Soto está confinado en una institución correccional en el municipio de Bayamón. Extingue una pena por infracciones al Art. 93(B) del Código Penal y 5.05 de la Ley de Armas. Conforme expuesto por el señor Vargas Soto en su escrito, solicita "[r]eabrir mi caso, ya que lo que sucedió no fue un acto premeditado, sino en defensa propia".

Examinado el recurso, notamos que, adolecía de varios defectos en torno a los requisitos establecidos en el Reglamento del

Tribunal de Apelaciones para la presentación eficaz de un recurso de *Certiorari* ante este Tribunal.

El recurso presentado por el peticionario cuenta con serias deficiencias respecto a los requisitos enumerados en la Regla 34 del Reglamento de este Tribunal.

Primeramente, el recurso no incluye un Índice con las autoridades citadas ni contiene las disposiciones legales que establecen la jurisdicción y competencia de este Tribunal.

Además, tampoco incluye un Apéndice según dispone el Reglamento, la Declaración en Apoyo para litigar *In Forma Pauperis* ni las decisiones cuya revisión se solicita.

Con el fin de rectificar estos defectos, mediante *Resolución* del 23 de enero de 2025 concedimos una oportunidad a la parte peticionaria para corregirlos. El plazo otorgado venció el 12 de febrero de 2025, y el peticionario no compareció.

**-II-**

El Tribunal Supremo ha expresado, en cuanto al concepto de jurisdicción, que es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *Horizon Media Corp. v. Junta Revisora de Permisos*, 191 DPR 228, 233 (2014). A falta de jurisdicción, el tribunal carece de facultad legal para dirimir el problema que le ha sido planteado. Por tanto, si un tribunal determina que carece de jurisdicción, es su deber desestimar el recurso ante su consideración sin entrar en los méritos de la cuestión ante sí. *González Santos v. Bourns P.R.*, Inc., 125 DPR 48, 63 (1989).

La jurisdicción del Tribunal de Apelaciones es una limitada, ceñida a las disposiciones de las Reglas de Procedimiento Civil y el Reglamento del Tribunal de Apelaciones. Las partes tienen la responsabilidad de observar rigurosamente el cumplimiento de los requisitos reglamentarios para perfeccionar los recursos

presentados ante la consideración del Tribunal Supremo y el Tribunal de Apelaciones. *M-Care Compounding v. Dpto. de Salud*, 186 DPR 159, 176 (2012). De entrada, señalamos que para que este Tribunal pueda revisar una decisión del Tribunal de Primera Instancia es esencial que el promovente acompañe copia del documento que recoge la decisión cuya revisión solicita. *Pueblo v. Rodríguez*, 167 DPR 318, 324 (2006).

El Reglamento del Tribunal de Apelaciones exige que toda solicitud de *Certiorari* presentada ante su consideración, incluya un apéndice con una copia literal de la decisión del foro primario y de la notificación de su archivo en autos. *Pueblo v. Pacheco Armand*, 150 DPR 53, 58 (2000). Las Reglas 33 y 34 del referido reglamento establecen los requisitos de presentación, notificación y contenido con los que deben cumplir los peticionarios para el perfeccionamiento de un recurso de *Certiorari*. Las partes o el foro apelativo no pueden soslayar injustificadamente el cumplimiento del Reglamento del Tribunal de Apelaciones. *Morán v. Martí*, 165 DPR 356, 363-364 (2005).

Además, el Tribunal Supremo ha señalado que la marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto v. Uno Radio Group*, 189 DPR 84, 90 (2013).

Por otro lado, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 83 (B) y (C), le confiere autoridad al Tribunal para desestimar un recurso por cualquiera de las siguientes circunstancias:

(A) ...

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) **que el Tribunal de Apelaciones carece de jurisdicción**;

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente. [Énfasis nuestro.]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones le concede la facultad a este Tribunal de, a iniciativa propia, desestimar un recurso cuando concluya que carece de jurisdicción para atenderlo. 4 LPRA Ap. XXII-B, R. 83 (C).

*-III-*

Según adelantado, el recurso presentado por el peticionario incumple con gran parte de las disposiciones reglamentarias correspondientes a la presentación eficaz y completa de este tipo de recurso apelativo. Véase, Regla 34 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34.

En específico, no incluyó copia de la Resolución final cuya revisión solicita a este Tribunal, privándonos de ejercer nuestra facultad revisora y de auscultar la jurisdicción. Además, el recurrente no acompañó su escrito con copia de las alegaciones, mociones, resoluciones u órdenes necesarias para poder

determinar que su recurso de *Certiorari* fue presentado dentro del término jurisdiccional.

Podemos colegir de su escrito que solicita la reapertura del caso. Sin embargo, el peticionario no acompañó al escrito copia de la sentencia u órdenes recurridas. Inclusive ante nuestro requerimiento, el recurrente tampoco brindó la información necesaria para que este tribunal pueda evaluar los méritos de su recurso.

Reconocemos que, la Ley de la Judicatura de 2003, 4 LPRA sec. 24 *et. seq.*, persigue brindar acceso fácil, económico y efectivo de la ciudadanía ante este Tribunal, así como permitir la comparecencia efectiva de los litigantes por derecho propio. *Fraya, S.E. v. A.C.*, 162 DPR 182, 189-190 (2004); L.F. Estrella Martínez, *Acceso a la Justicia: Derecho Humano Fundamental*, San Juan, Ed. Situm, 2017, págs. 66-72. No obstante, el que la parte con interés comparezca por derecho propio, no le exime de cumplir con las normas que rigen la presentación de recursos. En *Febles v. Romar Pool Construction*, 159 DPR 714, 722 (2003), el Tribunal Supremo dispuso que, "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

Toda parte interesada, incluso la que comparece por derecho propio, debe cumplir con las disposiciones reglamentarias establecidas para la presentación de los recursos apelativos. Ello implica cumplir con los requisitos de forma, y los requisitos sustantivos. Las normas antes referidas sirven a un sinnúmero de fines esenciales en nuestro ordenamiento jurídico. Entre ellos, garantizar que el tribunal revisor tenga la autoridad legal para determinar la corrección de los dictámenes emitidos por el Tribunal de Primera Instancia y lograr atender de forma rápida y eficiente los recursos debidamente presentados por las partes.

El incumplimiento con las normas jurídicas aplicables para la presentación y perfeccionamiento del recurso ante nuestra consideración nos priva de jurisdicción para atenderlo y ejercer nuestra función revisora.

Lo anterior, exige la desestimación del recurso. Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C).

### -*IV*-

Por todo lo cual, a la luz de los fundamentos expuestos, que hacemos formar parte de este dictamen, *desestimamos* el recurso de *Certiorari* presentado por el señor Barreiro Vázquez por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones