Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (I)

| JOSÉ IGNACIO BLANCO ANEIROS | | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
|---|---|---|
| Recurrido | KLCE202400256 | |
| v. | | Civil núm.: SJ2022CV06779 (802) |
| NINA CHOCK RIVERA, ART-DRAFT AUTHORITY, INC. | | |
| Peticionarios | | Sobre: Ley de Corporaciones |

Panel integrado por su presidente el juez Sánchez Ramos, el juez Rivera Torres y el juez Salgado Schwarz.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de marzo de 2024.

Comparece ante este tribunal apelativo la Sra. Nina Chock Rivera (la señora Chock Rivera o la peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 29 de enero de 2024, notificada al día siguiente. Mediante este dictamen, el foro primario, entre otras determinaciones, declaró *No Ha Lugar* a la *Solicitud de Reconsideración* presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, desestimamos el recurso de epígrafe ante la falta de jurisdicción.

### I.

En el caso de autos, el 28 de julio de 2022, el Sr. José Ignacio Blanco Aneiros (el señor Blanco Aneiros o el recurrido) instó una demanda sobre designación de síndico y disolución de corporación al tenor de los Artículos 9.05 y 9.03 de la Ley General de

Corporaciones (2009).[1] Art-Draft contestó la demanda aceptando todas las alegaciones e indicó que ante las diferencias irreconciliables entre las partes se imposibilita la continuación de las operaciones. Por su parte, la peticionaria instó una *Solicitud de Desestimación* al amparo de la Regla 10.2(5) de las de Procedimiento Civil. El 30 de enero de 2023, notificada ese mismo día, el tribunal primario dictó una *Sentencia* desestimando la demanda. Inconforme, el señor Blanco Aneiros acudió ante este tribunal apelativo mediante el recurso de apelación KLAN202300350. El 27 de junio de 2023 esta *Curia* dictó la *Sentencia* revocando el dictamen apelado y ordenando la continuación de los procedimientos. El 31 de agosto de 2023 se remitió el Mandato.

El 18 de octubre siguiente, el recurrido presentó una *Moción Informativa sobre Disolución de la Corporación* en la cual anejó el Certificado de Disolución de Art- Draft Authority, Inc., expedido por el Departamento de Estado el 29 de septiembre de 2023.[2] Ese mismo día, notificada al día siguiente, el TPI dictó la siguiente Orden:[3]

> Enterado. Se toma conocimiento de la Certificación del Departamento de Estado que indica que ART-DRAFT AUTHORITY INC., registry number 88091, radicó un Certificado de Disolución Corporativa con fecha de efectividad del 29 de septiembre de 2023.

Así las cosas, la vista sobre Conferencia Inicial se llevó a cabo el 13 de diciembre de 2023 mediante videoconferencia. El 28 de diciembre siguiente, la peticionaria presentó una moción intitulada *Solicitud de Reconsideración* en la cual señaló que durante la referida vista el foro recurrido realizó varias determinaciones, entre ellas, validó la disolución de Art- Draft Authority, Inc. El señor Blanco Aneiros presentó su oposición aduciendo que "como bien determinó el Tribunal, (i) este es un procedimiento expedito para la

---

[1] Advertimos que un extracto del trámite procesal aquí consignado se encuentra detallado en el recurso KLAN202300350.
[2] Véase, Expediente Electrónico Entrada Núm. 52.
[3] *Íd.*, Entrada Núm. 53.

disolución de una corporación que no admite reclamaciones adicionales; [...]."[4]

El 29 de enero de 2024, notificada al día siguiente, el TPI dictó la *Resolución* recurrida declarando *No Ha Lugar* a la reconsideración, entre otros asuntos. En lo aquí pertinente, expresó lo siguiente:

> Asimismo, se declara **No Ha Lugar** la solicitud de reconsideración sobre que el único asunto pendiente de adjudicación del plan de liquidación y distribución luego que se informara sobre la disolución de la corporación el 29 de septiembre de 2023. Según expresamos en la vista, la realidad jurídica de la Corporación es que está disuelta según fue acreditado al Tribunal. A la fecha de la vista, la parte demandada no había presentado ninguna objeción, impugnación o expresión alguna sobre la disolución de la Corporación. Ante ello, el Tribunal expresó que era impertinente cualquier descubrimiento relacionado a la buena fe de la petición de disolución y se limitó el descubrimiento de prueba al inventario, el plan de distribución y la valoración de las acciones de la corporación. [...][Énfasis en el original, subrayado nuestro]

Aún inconforme, la peticionaria acude ante este tribunal apelativo, mediante el recurso de epígrafe, imputándole al tribunal de primera instancia haber incurrido en los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO PERMITIR A LA SRA. CHOCK IMPUGNAR LA DISOLUCIÓN UNILATERAL DE ART-DRAFT, INC., Y ADJUDICAR EN LOS MÉRITOS, QUE EL SEÑOR JOSÉ I. BLANCO ANEIROS ES EL ÚNICO ACCIONISTA DE LA CORPORACIÓN. ELLO, A BASE DE ALEGACIONES, EXCLUSIVAMENTE.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL INTERPRETAR LA SENTENCIA DICTADA POR ESTE TRIBUNAL (KLAN202300350) Y DISPONER DE LAS DEFENSAS AFIRMATIVAS DE FRAUDE Y QUE LA DISOLUCIÓN NO ES *BONA FIDE*.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL LIMITAR AL DESCUBRIMIENTO DE PRUEBA E IMPEDIR QUE LA SEÑORA NINA CHOCK REALICE UNA AUDITORIA FORENSE DE ART-DRAFT, INC. PARA ADECUADAMENTE VALORAR SUS ACCIONES.

Examinado el expediente a la luz del derecho vigente y al tenor de la determinación arribada, resolvemos sin la comparecencia del

---

[4] Véase el Apéndice del Recurso, a la pág. 229.

Procurador General. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. R. 7(B)(5).

## II.

**Jurisdicción, Asunto de Umbral**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero et al. v. ARPe et al,* 187 DPR 445 (2012); *Vázquez v. ARPe,* 128 DPR 513, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *ASG v. Mun. San Juan,* 168 DPR 337 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248 (1992). Los tribunales deben velar cuidadosamente por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, nuestro deber es así declararlo y sin más, proceder a desestimar. *García v. Hormigonera Mayagüezana,* 172 DPR (2007); *Carattini v. Collazo Systems Analysis, Inc.,* supra.

Por su parte, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, sobre desistimiento y desestimación nos concede facultad para desestimar por iniciativa

propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. La jurisdicción es un asunto respecto el cual debemos guardar celo y examinar con cuidado, pues si no poseemos autoridad en ley para dirimir una causa, cualquier pronunciamiento será nulo, salvo que sea para declarar la falta de jurisdicción y desestimar. *Pagán v. Alcalde Mun. De Cataño,* 143 DPR 314 (1997).

**III.**

Analizado el recurso ante nuestra consideración nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquiera otra cuestión. Ello, aun cuando ninguna de las partes lo haya argumentado o solicitado.

De la *Resolución* recurrida surge que el TPI atendió la *Solicitud de Reconsideración* instada por la señora Chock Rivera, así como la correspondiente oposición. De la lectura del petitorio surge que esta solicitó al foro revisado reconsiderar varias determinaciones que este hizo *durante la audiencia celebrada* el 13 de diciembre.

De entrada, precisa advertir que obtuvimos del Sistema Unificado de Manejo y Administración de Casos (SUMAC) la *Minuta* de la vista sobre Conferencia Inicial llevada a cabo el 13 de diciembre de 2023 y transcrita el 15 posterior. Ello, debido a que la peticionaria no la incluyó como parte del apéndice del recurso. Del análisis de este documento nos percatamos que la misma no está firmada por la Hon. Glorianne Lotti Rodríguez ni consta en SUMAC que se haya notificado. Sobre esto último, tampoco consta en la *Minuta* que el TPI haya ordenado que se notificara, aun cuando en la misma se incluyen órdenes emitidas por la jueza en corte abierta.

Asimismo, de la lectura de lo allí informado no aparece transcrita la supuesta determinación que la señora Chock Rivera solicitó al foro *a quo* reconsiderar - que a la vez es uno de los errores

planteados en el recurso-, en cuanto a que concluyó que la petición de disolución realizada por el demandante, al amparo del Artículo 9.05 (c) de la Ley de Corporaciones de 2009 y la defensa afirmativa de la peticionaria sobre el aspecto de *bona fide* de la solicitud de la disolución, se tornó académica.

Por tanto, y a tenor de lo antes expresado, resulta forzoso concluir que estamos impedidos de asumir jurisdicción. Recordemos que en *Sánchez et als v. Hosp. Dr. Pila et als* 158 DPR 255, 262 (2002) el Tribunal Supremo decretó y citamos:

> Resolvemos pues, que una notificación verbal en corte abierta de una determinación interlocutoria del Tribunal de Primera Instancia en un caso civil no constituye la notificación que se requiere para activar el plazo dispuesto por ley para interponer una moción de reconsideración o un recurso de *certiorari* ante el Tribunal de Circuito. La notificación que activa estos términos tiene que constar por escrito y dicho escrito tiene que ser notificado a las partes.

Asimismo, en dicho caso el más alto foro reiteró que, acorde con la Regla 32(b) de las *Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico*, 4 LPRA Ap. II-B R. 32(b), la minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. De igual manera, dictó que, conforme con dicha regla, la minuta no será notificada a las partes o a sus abogados, salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, en cuyo caso **será firmada por el juez o la jueza y notificada a las partes**. *Sánchez et als v. Hosp. Dr. Pila et als,* supra, a la pág. 261.

Por su parte, y más recientemente, en *Pueblo v. Ríos Nieves* 209 DPR 264, 280-281 (2022), la alta *curia* expresó y por su pertinencia mencionamos:

> ".... la Regla 32(b) del Reglamento para la Administración del TPI, *supra,* establece que **las minutas deberán notificarse a las partes o sus abogados cuando incluyan una resolución u orden emitida por el juez en corte abierta**. A su vez, **requiere la firma del juez o jueza que la dictó**. Por lo

tanto, esta regla le impone un requisito de forma al juez que emitió la determinación en corte abierta para que, con su firma, le imprima **validez y certeza** a esa decisión recogida mediante la minuta. Es decir, **para que la orden o resolución acogida dentro de una minuta tenga legitimidad y eficacia es indispensable que esté firmada por el juez o la jueza que emitió el dictamen interlocutorio**. No podemos perder de perspectiva que tanto la facultad revisora del Tribunal de Apelaciones como la de esta Curia se fundamenta en determinaciones emitidas y suscritas por los jueces que las dictaminan y no en la interpretación o apreciación de otros funcionarios del tribunal. De permitir lo contrario, el foro revisor estaría evaluando un documento –en este caso la minuta-sin la certeza que el dictamen recurrido fue el que en efecto dictó el juez o jueza que atendió los procedimientos. Es decir, la minuta que no esté certificada por el juez que dictó la orden o resolución, **no puede contar con la deferencia y la presunción de corrección de los foros revisores.** Ello, debido a que es la firma del juez que impartió la decisión, la que precisamente le imprime legitimidad y eficacia a la decisión. Además, garantiza que la determinación fue ponderada por el juzgador de los hechos, quien, a su vez, fue la persona que valoró y tuvo ante sí la prueba sometida por las partes. [Énfasis y subrayado en el original]

En virtud de la jurisprudencia antes citada, este tribunal revisor está impedido de atender el recurso en los méritos al carecer de jurisdicción. Por ello, para que podamos tener jurisdicción sobre la presente controversia, la minuta en cuestión tiene que recoger la determinación emitida en corte abierta que se pretenda revisar[5], debe estar firmada por la jueza que dictó la resolución y ser notificada a las partes o sus abogados. Hasta que estos requisitos de forma no se hayan corregido no empezará a transcurrir el término para recurrir en revisión ante este foro apelativo.

En fin, procede desestimar el auto de *certiorari* por ser uno prematuro. Un recurso prematuro es aquel que se presenta en la secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. Al igual que un recurso tardío, el recurso prematuro adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. Ello es así puesto que su presentación

---

[5] Como norma general, lo esencial para que el Tribunal de Apelaciones pueda revisar una decisión del Tribunal de Primera Instancia es que se acompañe copia del documento que recoge la decisión. *Pueblo v. Ríos Nieves*, supra, a la pág. 275, citando a *Pueblo v. Rodríguez*, 167 DPR 318, 324 (2006), y *Pueblo v. Pacheco Armand*, 150 DPR 53, 58 (2000).

carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo, "punctum temporis", aún no ha nacido autoridad judicial o administrativa alguna para acogerlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008).

Por otro lado, aun cuando determinemos que tenemos ante nuestra consideración un dictamen revisable, de igual manera procedía la desestimación del presente recurso. Del trámite procesal antes consignado, surge que el 18 de octubre de 2023, notificada al día siguiente, el TPI tomó conocimiento judicial de la Certificación de Disolución emitida por el Departamento de Estado. Por lo que la impugnación de esta determinación, según planteada en el primer error del recurso, resulta ser tardía. Además, respecto a los restantes errores, precisa señalar que estos están relacionados con el descubrimiento de prueba, asunto que no está comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V. R. 52.1.

**IV.**

Por los fundamentos antes expuestos, procede desestimar el recurso de *certiorari* ante la falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos disiente de la determinación jurisdiccional, pues se solicita la revisión de la Resolución de 29 de enero de 2024, la cual está firmada por la jueza del Tribunal de Primera Instancia ("TPI") y la cual se notificó a las partes el día siguiente. No tiene pertinencia que esta Resolución se haya emitido en conexión con una moción de reconsideración de un dictamen emitido en corte abierta y el cual se recoge en una minuta no firmada por el TPI. Ello porque, en esencia, lo que se nos solicita es revisar

el contenido de la Resolución del 29 de enero de 2024, la cual consta en un escrito firmado por el TPI y notificado a las partes. Todos los errores señalados van dirigidos a, y se pueden conectar con, el contenido de dicha Resolución. Si un dictamen del TPI consta por escrito y está firmado por el (o la) juez(a), el mismo no deja de ser revisable porque, anteriormente, el mismo dictamen conste en una minuta no firmada por el TPI. Tampoco tiene pertinencia que no se haya solicitado revisión del dictamen del TPI tomando conocimiento judicial de un trámite en el Departamento de Estado, pues una de las controversias que presenta la peticionaria surgió posteriormente, y se relaciona con las consecuencias de dicho trámite administrativo en términos del caso de referencia, no con la existencia del mismo. Examinado lo planteado por la peticionaria al amparo de la Regla 52.1 de las de Procedimiento Civil y de la Regla 40 del Reglamento de este Tribunal, hubiese denegado la expedición del auto solicitado.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones