Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Peticionaria<br><br>v.<br><br>EDWIN OMAR DIAZ SANTIAGO<br><br>Parte Recurrida | TA2025CE00944 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Criminal Núm.: DVI2025G0038 y otros<br><br>Sobre:<br>Art. 93 CP 2012 y Ley de Armas |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Ortiz Flores

Ortiz Flores, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 20 de febrero de 2026.

Comparece ante nosotros Edwin Omar Díaz Santiago (señor Díaz Santiago; peticionario) mediante el presente recurso de *Certiorari* y nos solicita que revisemos una determinación, emitida el 21 de noviembre de 2025 en corte abierta, por el Honorable Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1]

Adelantamos que, por los fundamentos que exponemos a continuación, se desestima el recurso de *Certiorari*, por falta de jurisdicción.

**I**

Surge del recurso del peticionario que el señor Díaz Santiago presentó un petitorio para que no se iniciara un juicio por jurado, alegando que aún existían asuntos preliminares pendientes por

---

[1] SUMAC, Entrada 1, Anejo 1, en DVI-2025G-0038. No consta de la *Minuta* la fecha en la que la que dicho dictamen fue emitido y notificado. Únicamente surge una fecha del 22 de diciembre de 2025, la cual no tenemos constancia a que se refiere.

resolver, así como la existencia de una orden médica que le recomendaba al peticionario varios días de descanso.[2] Así las cosas, y según surge de los autos, el TPI emitió una *Minuta,* en la cual resolvió este asunto en corte abierta y determinó lo siguiente:

- Señala Vista de Continuación de Desinsaculación de Jurado, para el 26 de noviembre de 2025, a la 1:00 de la tarde; Sala 706.

- Solicita al Negociado para la Administración del Servicio de Jurado, expedir dos listas adicionales para los casos de epígrafe, para la Vista del 26 de noviembre de 2025, a la 1:00 de la tarde; Sala 706.[3]

Inconforme con el curso decisivo, el 22 de diciembre de 2025, el peticionario presentó un *Recurso de Certiorari Criminal* mediante el cual esgrimió la comisión del siguiente error:

Erró el Honorable Tribunal de Instancia al iniciar este juicio con un juramento preliminar al jurado para asesinar el derecho constitucional a la detención preventiva del imputado, ya que el mismo vencía en los días siguientes. Se plante[ó] que no estamos preparados para el inicio del juicio porque había asuntos interlocutorios pendientes de resolver, como una supresión de evidencia de unos celulares ocupados ilegalmente, de descubrimiento de prueba, sin que uno solo de los testigos de cargo estuviera presente y en una situación, en la cual el imputado estaba enfermo certificado por el Centro de Salud Correccional, con una orden medica de descanso absoluto por una semana. El imputado fue trasladado al tribunal en dos ocasiones distintas por orden del TPI, enfermo, con fuertes dolores, luego que le suprimieron sus medicamentos intravenosos en su sangre. El imputado ten[í]a una infección peligrosa para su vida y ello nunca fue considerado por el TPI. Había que iniciar este juicio a la trágala, con el único propósito de mancillar el derecho sublime a la detención preventiva, a[ú]n a expensas de la salud, integridad física y la vida del peticionario.

Por otro lado, en cumplimiento con lo ordenado en la *Resolución,* emitida el 23 de enero de 2026, compareció el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General para presentar una *Solicitud de Desestimación.*[4] En esta adujo que, aunque el peticionario aduce que la vista se celebró el 21 de noviembre de 2025, dicha fecha no consta en la *Minuta* ni la firma de la jueza, por lo que procede la desestimación del recurso, ya que

---

[2] SUMAC, Entrada 1 y 3, en DVI-2025G-0038.
[3] SUMAC, Entrada 1, Anejo XIII, página 42, en DVI-2025G-0038.
[4] SUMAC TA, Entrada 4.

este Foro está imposibilitado de auscultar la fecha para comprobar si cuenta con jurisdicción para atender el mismo.

Con el beneficio de la comparecencia de ambas partes procederemos a exponer el derecho aplicable.

**II**

**A**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *AAA v. UIA,* 199 DPR 638, 651-652 (2018). Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela. *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016). Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Ríos Martínez, Com. Alt. PNP v. CLE, supra.* Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada. *R&B Power, Inc. v. Junta de Subasta ASG, supra,* a la pág. 698. De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018). Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos. 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG, supra.* De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse. *Bco. Santander v. Correa García,* 196 DPR 452, 470 (2016);

*Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente. *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones jurisprudenciales que prohíben al foro judicial emitir opiniones consultivas. *ELA v. Aguayo*, 80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147. Además, el aludido principio persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia. o dictar una sentencia que no tendrá efectos prácticos sobre un asunto. *Moreno v. Pres. U.P.R. I*, 178 DPR 969, 973 (2010). En ese contexto, un caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva; y, (v) cuando se pretende promover un pleito que no está maduro. *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001). Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E., supra,* a la pág. 365. Como tal, su presentación carece

de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Torres Alvarado v. Madera Atiles, supra,* a la pág. 501; *Juliá et al. v. Epifanio Vidal, S.E., supra,* a la pág. 366.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción. *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, a la pág. 110, 215 DPR __ (2025).

**B**

Las minutas forman parte del expediente de un caso en el TPI como constancia del proceso seguido. *Pueblo v. Pacheco Armand,* 150 DPR 53, 58 (2000). Tales minutas representan constancia de una decisión judicial de la primera instancia, cuando no existe una resolución escrita que la recoja. *Id.* A esos efectos, para que el Tribunal de Apelaciones pueda revisar una decisión del TPI es esencial que se acompañe una copia del documento que recoge la decisión. *Pueblo v. Ríos Nieves,* 209 DPR 264, 275 (2022); *Pueblo v. Rodríguez,* 167 DPR 318, 324 (2006).

La Regla 32(b) de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico, aborda lo relativo como sigue:

(1) La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara. La misma será preparada conforme con las normas que establezca el Director Administrativo o la Directora Administrativa de los Tribunales y será certificada por la Secretaria de Servicios a Sala.
La minuta original se unirá al expediente judicial. [...]

**La minuta no será notificada a las partes o a sus abogados, salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, en cuyo caso será firmada por el juez o la jueza y notificada a las partes.**

> La Secretaria, custodia del expediente podrá expedir copia de la minuta previo la cancelación de los derechos arancelarios, según corresponda.
>
> (2) La Secretaria o el Secretario de Servicios a Sala preparará la minuta en la que se hará constar la fecha, las partes y su representación legal, cuando la hubiera, el número de identificación del expediente, una breve reseña de los procedimientos habidos o asuntos atendidos en la vista, los planteamientos de las partes, las determinaciones del juez o de la jueza, una relación de las personas que testificaron y una relación de la prueba documental presentada con indicación de si fue admitida o no. (Énfasis nuestro.)  4 LPRA Ap. II-B, R. 32 (b).

A tales efectos, la norma es que, para que una "orden o resolución acogida dentro de una minuta tenga legitimidad y eficacia es indispensable que esté firmada por el juez o la jueza que emitió el dictamen interlocutorio". *Pueblo v. Ríos Nieves, supra,* a la pág. 280.

**III**

En nuestra previa exposición doctrinal indicamos que las cuestiones relacionadas a la jurisdicción deben ser resueltas con preferencia, pues inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias. *Torres Alvarado v. Madera Atiles, supra,* a la pág. 500; *Fuentes Bonilla v. ELA et al., supra,* a la pág. 372. Por consiguiente, cuando este Tribunal carece de jurisdicción, no podemos hacer más que desestimar la reclamación, sin entrar en sus méritos. 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG, supra.* A tenor, disponemos que en el presente caso no tenemos jurisdicción para atender el recurso. Nos explicamos.

De los autos ante nuestra consideración no pudimos constatar que la antedicha Minuta hubiese sido notificada. Tampoco está firmada por la jueza que presidió los procedimientos. Ante esta realidad procesal, razonamos que en el presente caso nos encontramos impedidos de revisar dictamen alguno, emitido por el TPI, toda vez que (i) no contamos con el dictamen del cual se recurre

ni su correspondiente volante de notificación; y, (ii) el dictamen del cual se ha recurrido no obra en los autos del TPI como uno notificado mediante orden ni tampoco mediante minuta, debidamente firmada por la jueza que presidió los procedimientos. Por lo antes expuesto, este tribunal revisor carece de jurisdicción para atender el recurso ante nuestra consideración.

Aclaramos que nuestra determinación no constituye un impedimento a que, una vez el foro primario notifique su dictamen conforme a derecho, la parte inconforme pueda acudir nuevamente ante este foro intermedio.

**IV**

Por los fundamentos que anteceden, adjudicamos la desestimación del recurso de *Certiorari* por falta de jurisdicción ante su presentación prematura y se devuelve el caso al foro primario para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones